No. 15002.

Court of Civil Appeals of Texas.
Fort Worth.

Jan. 14, 1949.

Rehearing Denied Feb. 11, 1949.

See also, Tex.Civ.App., 211 S.W.2d 633.

George Sergeant and Sarah Daniels, both of Dallas, for appellant.

Cecil Murphy, of Gainesville, for appellee.

McDONALD, Chief Justice.

This suit was filed by A. E. Herrmann against Mergenthaler Linotype Company. For convenience the latter will be referred to hereafter as Mergenthaler. Hermann died after the suit was filed, and his widow and four children were substituted as plaintiffs. No issue is raised concerning the propriety of their prosecution of the suit.

Mergenthaler manufactures and sells linotype machines and other equipment used by printing establishments. Prior to July 24, 1945, Mergenthaler sold two new linotype machines, for future delivery, to The Daily Ardmoreite, a newspaper publishing concern in Ardmore, Oklahoma. It was agreed between them that The Daily Ardmoreite would deliver to Mergenthaler, to apply on the purchase price of the two new machines, two old linotype machines owned by the former.

Herrmann published a newspaper at Gainesville, Texas. On July 24, 1945, Mergenthaler and Herrmann entered into a written contract for the sale by Mergenthaler and the purchase by Herrmann of the two used linotype machines which Mergenthaler expected to receive from The Daily Ardmoreite. The machines were identified by stock numbers, and there is no question about the fact that the contract between Mergenthaler and Herrmann related to these two specific machines.

Some two years passed before the new machines were delivered to The Daily Ardmoreite. One of the used linotype machines was sold and delivered to Herrmann under the contract, and no issue is raised in this suit concerning that much of the transaction. As to the other machine, the facts appear to be without dispute that Mergenthaler raised the price of the new machine being sold to The Daily Ardmoreite, and that the latter then declined to deliver to Mergenthaler the old linotype machine, but instead paid in cash the portion of the purchase price of the new machine which would have been satisfied by the trade-in of the old machine. It further appears without dispute that said parties were acting within their respective rights under their agreement with each

other in so doing. As a result, Mergenthaler did not deliver one of the used machines to Herrmann. Herrmann later bought the used machine from The Daily Ardmoreite, but at a price greater by $2042.50 than the price provided for in the contract between Mergenthaler and Herrmann. The suit brought by Herrmann is for this difference.

Trial without a jury resulted in a judgment in favor of plaintiffs for the amount sued for. Mergenthaler has appealed, presenting two contentions. The substance of the first is that its obligation to deliver the used machine to Herrmann was based on a condition precedent which did not occur, and the second is that performance of the agreement was rendered impossible without fault on Mergenthaler's part.

Mergenthaler contends that its agreement to sell the used linotype machines to Herrmann was subject to a condition precedent, that is to say, that its obligation to deliver was conditioned on a delivery of the machines to it by The Daily Ardmoreite, that The Daily Ardmoreite did not deliver the machine in question to Mergenthaler, and that, consequently, Mergenthaler did not become obligated to deliver it to Herrmann.

Both parties refer to a number of letters that passed between them concerning the sale of the two machines to Herrmann, and each claims that the letters support his contentions. We are not inclined to disagree with the apparent view of both parties that there is enough of uncertainty or ambiguity in the written contract to justify consideration of these letters for whatever they may be worth.

The written contract of sale between Mergenthaler and Herrmann had attached to it, and made a part of it, certain written specifications relating to details of the proposed transaction. It is clear from the contract and the accompanying specifications that the two used machines were located in Ardmore, and that delivery of them to Herrmann was to be at the place of business of The Daily Ardmoreite. The controversy centers especially around two provisions found in the specifications pertaining to the machine which was not delivered. Under the heading, "Date Shipment Desired" appears the following statement, "Available only when released by The Daily Ardmoreite." Under another heading styled "Remarks" appears the statement, "Machine to be released only when new machines have been erected in plant of The Daily Ardmoreite, Ardmore, Oklahoma, and this machine released by The Daily Ardmoreite."

The parties do not disagree as to the general rules of law pertaining to conditions precedent, or to excuse for non-performance of a contract on the ground of impossibility. It is not an oversimplification of the controversy to say that the case turns on the question whether the contract required Mergenthaler to deliver to Herrmann only if the machines were "released" to it by The Daily Ardmoreite, or whether the provisions quoted related only to time of delivery.

The interpretation of the contract which to us seems most consistent with the facts and circumstances surrounding the making of it, and with the attitude of the parties to it, both before and after its execution, as reflected in their exchanges of correspondence, is that the sale of the machines to Herrmann was conditioned on their being "released" by The Daily Ardmoreite. The Daily Ardmoreite did release one of the machines, but, in the exercise of its contractual rights, chose to keep the other one. It is certain from the evidence that Herrmann knew where Mergenthaler was to obtain the machines which were agreed to be sold to him. It is not shown that Herrmann knew the terms of the agreement between Mergenthaler and The Daily Ardmoreite, but we believe that the contract cannot properly be construed as an unconditional obligation on Mergenthaler's part to deliver the machines to Herrmann. The burden is of course on plaintiffs to plead and prove a contract the terms of which will support the recovery sought in their pleadings.

The judgment of the trial court is reversed and judgment is here rendered that plaintiffs take nothing by their suit.